# EXHIBIT 1



**THE TARIQ**
LAW FIRM, PLLC

68 Jay Street - Suite 201
Brooklyn Heights, NY 11201

**OFFICE:** (718) 674 - 1245
**FAX:** (516) 453 - 0490

**FedEx Tracking: 7730 0511 2930**

August 17, 2018

Synchrony Bank
950 Forrer Blvd.
Kettering, OH 45420

**Re: Salina, Vaila v. Comenity Capital Bank et al. - Index No: 26219-QCV-2018**
**STATEMENT OF SERVICE BY MAIL AND ACKNOWLEDGMENT OF RECEIPT BY MAIL**
**OF SUMMONS AND COMPLAINT**

To Whom It May Concern:

The enclosed Summons and Complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

Sincerely,

Subhan Tariq, Esq.

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR SUMMONS AND NOTICE OR NOTICE OF PETITION AND PETITION

### Re: Salina, Vaila v. Comenity Capital Bank et al. - Index No: 26219-QCV-2018

I received a summons and complaint in the above captioned matter at _____
_____ (insert address).


**PLEASE CHECK ONE OF THE FOLLOWING** (if No. 2 is checked, complete as indicated):

_____ 1. I am not in the military service.

_____ 2. I am in the military service, and my rank, serial number and branch of service are as follows:

Rank _____

Branch of Service _____


### TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date: _____

I affirm the above as true under penalty of perjury.


_____
Signature

_____
Print Name

_____
Name of Defendant Represented by Signatory Position of
Signatory with Defendant (e.g., officer, attorney, etc.)


PLEASE COMPLETE ALL BLANKS INCLUDING DATES



**THE TARIQ**
LAW FIRM, PLLC

68 Jay Street - Suite 201
Brooklyn Heights, NY 11201

**OFFICE:** (718) 674 - 1245
**FAX:** (516) 453 - 0490

**FedEx Tracking: 7730 0511 2930**

August 17, 2018

Synchrony Bank
950 Forrer Blvd.
Kettering, OH 45420

**Re: Salina, Vaila v. Comenity Capital Bank et al. - Index No: 26219-QCV-2018**
**STATEMENT OF SERVICE BY MAIL AND ACKNOWLEDGMENT OF RECEIPT BY MAIL**
**OF SUMMONS AND COMPLAINT**

To Whom It May Concern:

The enclosed Summons and Complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

Sincerely,

Subhan Tariq, Esq.

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR SUMMONS AND NOTICE OR NOTICE OF PETITION AND PETITION

### Re: Salina, Vaila v. Comenity Capital Bank et al. - Index No: 26219-QCV-2018

I received a summons and complaint in the above captioned matter at _____
_____ (insert address).

**PLEASE CHECK ONE OF THE FOLLOWING** (if No. 2 is checked, complete as indicated):

_____ 1. I am not in the military service.

_____ 2. I am in the military service, and my rank, serial number and branch of service are as follows:

Rank _____

Branch of Service _____

### TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date: _____

I affirm the above as true under penalty of perjury.

_____
Signature

_____
Print Name

_____
Name of Defendant Represented by Signatory Position of
Signatory with Defendant (e.g., officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF QUEENS

026219

_____X

VAILA SALINA,

Index No.:

Plaintiff,

**SUMMONS**

-against-

Plaintiff's Residence Address:
3751 80ᵗʰ Street, Apt. C36
Jackson Heights, NY 11372

COMENITY CAPITAL BANK; SYNCHRONY BANK;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.; and
TRANS UNION, LLC,

Defendant(s).

_____X

The basis of this venue is:
Plaintiff's address

Defendants' addresses:

Comenity Capital Bank
3100 Easton Square Place
Columbus, OH 43219

Synchrony Bank
950 Forrer Blvd.
Kettering, OH 45420

Equifax Information Services, LLC
1550 Peachtree Street NW
Atlanta, GA 30309

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626



Trans Union, LLC
1510 Chester Pike
Crum Lynne, PA 19022

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York,

County of Queens, at the office of the Clerk of said Court at 89-17 Sutphin Blvd., Queens, New

York 11435 within the time provided by law as noted below and to file your Answer to the

annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against

you for the sum of $25,000.00 with interest from August 15, 2018, together with the costs of this

action.


Dated: August 15, 2018


Subhan Tariq, Esq.
The Tariq Law Firm, PLLC
Attorney for Plaintiff
68 Jay Street, Suite 201
Brooklyn, NY 11201
Tel: (718) 674-1245

Note the law provides that:

  a)  If this summons is served by its delivery to you personally within the City of New York,

State of New York, you must appear and answer within TWENTY DAYS after such service; or

  b)  If this summons is served by its delivery to any person other than you personally, or is

served outside the City of New York, State of New York, or by publication, or by any means

other than personal delivery to you within the City of New York, State of New York, you are

allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court

within which to appear and answer.

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF QUEENS

————————————————————————X

VAILA SALINA,                                                         Index No.:

                Plaintiff,

    -against-                                            **VERIFIED COMPLAINT**

COMENITY CAPITAL BANK; SYNCHRONY BANK;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.; and
TRANS UNION, LLC

               Defendant(s).

————————————————————————X

       Plaintiff, Vaila Salina, seeks redress for violations of the Fair Credit Reporting Act (FCRA),

15 U.S.C. §1681 by Defendants and their agents in their illegal reporting. Plaintiff, by way of this

Complaint, states as follows:

<u>**PARTIES**</u>

1.  Plaintiff, Vaila Salina, is an adult residing in Queens, NY.

2.  Defendant, Comenity Capital Bank is a bank that furnishes consumer credit information to
    consumer reporting agencies. It has a principal place of business located at 3100 Easton
    Square Place, Columbus, OH 43219.

3.  Defendant, Synchrony Bank is a bank that furnishes consumer credit information to
    consumer reporting agencies. It has a principal place of business located at 950 Forrer
    Blvd., Kettering, OH 45420.

4.  Defendants, Equifax Information Services, LLC ("Equifax), Experian Information
    Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") are consumer
    reporting agencies as defined by FCRA, 15 USC §1681a(f).

5. Defendants Equifax, Experian, and Trans Union have prepared and issued consumer credit reports concerning Plaintiff which have included and continue to include inaccurate information.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA and N.Y. GBS. LAW § 380-a(b) of NY FCRA.

## FACTUAL ALLEGATIONS

7. The FCRA promotes, among other things, accuracy and fairness of consumer information contained in consumer reporting agencies' files. There are circumstances such as the Plaintiff's under which this accuracy and fairness is not upheld.

8. Plaintiff Vaila Salina experienced automated, greatly insufficient investigations into her disputes from the three CRA Defendants and as a result has been subject to unwarranted and unnecessary hardship.

9. The CRA Defendants in the instant case have a system plagued with errors.

10. Defendant Equifax prepared and issued credit reports concerning Plaintiff which include inaccurate information.

11. Defendant Experian prepared and issued credit reports concerning Plaintiff which include inaccurate information.

12. Defendant Trans Union prepared and issued credit reports concerning Plaintiff which include inaccurate information.

13. Plaintiff requested that the CRA Defendants investigate the accuracy of the information being reported on her credit report. Specifically, Plaintiff disputed the alleged delinquency, regarding the Comenity Capital Bank/The Children's Place and Victoria's

2

Secret accounts and Synchrony Bank/GAP account, reporting on her credit report. Plaintiff's requests to the CRAs were communicated via a letter dated March 14, 2018.

14. By April 12, 2018, the CRA Defendants responded to Plaintiff's requests, by providing updated credit reports, wherein they informed Plaintiff that they had researched the Comenity Capital Bank/The Children's Place and Victoria's Secret accounts and Synchrony Bank/GAP account and had verified their accuracy with the creditors, Defendants Comenity Capital Bank and Synchrony Bank. The CRA Defendants continued to report inaccurate information on the Plaintiff's credit reports after receiving her dispute letters, in violation of the FCRA.

15. Plaintiff also sent a letter, dated April 23, 2018, to Defendant Synchrony Bank. Via said letter, Plaintiff requested that Defendant Synchrony Bank investigate the Synchrony Bank/GAP account reporting on her credit report.

16. Defendant Synchrony Bank sent Plaintiff a letter, dated May 8, 2018, wherein it informed Plaintiff that the disputed account had been sold to Portfolio Recovery Associates, LLC on December 20, 2016. Defendant Synchrony Bank also instructed Plaintiff to contact Portfolio Recovery for any questions regarding the Synchrony Bank/GAP account.

17. As a result, Plaintiff once again requested that the CRA Defendants remove the disputed inaccurate information being reported on her credit report regarding the Synchrony Bank/GAP account. The Plaintiff also informed the CRA Defendants that the Synchrony Bank/GAP account had been sold to a third party. Plaintiff's request to the CRA Defendants was communicated via a letter dated May 26, 2018 and sent via certified mail.

18. By July 6, 2018, the CRA Defendants responded to Plaintiff's requests, by providing updated credit reports, wherein they informed Plaintiff that they had researched the Synchrony Bank/GAP account and had verified its accuracy with the creditor, Defendant Synchrony Bank. The CRA Defendants continued to report inaccurate information on the Plaintiff's credit reports after receiving her second round of dispute letters, violating the FCRA by failing to conduct a reasonable reinvestigation and by continuing to report inaccurate information about Plaintiff's credit.

19. Plaintiff also sent a letter, dated May 26, 2018, to Defendant Comenity Capital Bank. Via said letter, Plaintiff requested that Defendant Comenity Capital Bank investigate the Comenity Capital Bank/The Children's Place and Victoria's Secret accounts reporting on her credit report.

20. Defendant Comenity Capital Bank sent Plaintiff two letters, both dated June 10, 2018, wherein it informed Plaintiff that both disputed accounts had been sold to Midland Credit in March 2017. Defendant Comenity Capital Bank also instructed Plaintiff to contact Midland Credit for any questions regarding the Comenity Capital Bank/The Children's Place and Victoria's Secret accounts.

21. As a result, Plaintiff once again requested that the CRA Defendants remove the disputed inaccurate information being reported on her credit report regarding the Comenity Capital Bank/The Children's Place and Victoria's Secret accounts. The Plaintiff also informed the CRA Defendants that the Comenity Capital Bank/The Children's Place and Victoria's Secret accounts had been sold to a third party. Plaintiff's request to the CRA Defendants was communicated via a letter dated July 7, 2018 and sent via certified mail.

22. By July 24, 2018, Defendants Equifax and Trans Union responded to Plaintiff's requests, by providing updated credit reports, wherein they informed Plaintiff that they had researched the Comenity Capital Bank/The Children's Place and Victoria's Secret accounts and had verified their accuracy with the creditor, Defendant Comenity Capital Bank. Defendants Equifax and Trans Union continued to report inaccurate information on the Plaintiff's credit reports after receiving her second round of dispute letters, violating the FCRA by failing to conduct a reasonable reinvestigation and by continuing to report inaccurate information about Plaintiff's credit.

23. Furthermore, Defendant Experian responded to Plaintiff's request, via a report dated July 26, 2018, wherein it informed Plaintiff that it had already verified the Comenity Capital Bank/The Children's Place and Victoria's Secret accounts, after Plaintiff's first dispute letter, and that it would not be reinvestigating the accounts, absent additional relevant information. Defendant Experian continued to report inaccurate information on the Plaintiff's credit reports after receiving her second round of dispute letters, violating the FCRA by failing to conduct a reasonable reinvestigation and by continuing to report inaccurate information about Plaintiff's credit.

24. As for Defendants Comenity Capital Bank and Synchrony Bank, the trade lines' appearance in Plaintiff's credit reports with the CRA Defendants persisted, even after the latter contacted Defendants Comenity Bank and Synchrony Bank to investigate the matter.

25. Arguably, had Defendants Comenity Capital Bank and Synchrony Bank taken corrective action here, Plaintiff would have been spared the financial damages and emotional distress that she experienced even after she sent multiple dispute letters to the three CRA Defendants.

## RELEVANT PRECEDENT

26. Under 15 U.S.C. §§ 1681n, 1681o, there is a private right of action against credit reporting agencies for any willful or negligent "violation of any duty imposed under the statute" (*Casella v. Equifax Credit Info. Services*. 56 F.3d 469, 473 (2d Cir.1995)) and a claim can be brought against a furnisher of information under § 1681s-2(b) (*Trikas v. Universal Card Services Corp.*, 351 F.Supp.2d 37, 45 (E.D.N.Y.2005)).

27. As in Bryant v. TRW, Inc., the CRA Defendants in the instant case were required to do more to assure "maximum possible accuracy of the information" (15 U.S. Code § 1681e). In this decision, the Court quoted one of the House sponsors of the FCRA as follows: "[W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage to buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason" *Bryant v. TRW. Inc*. 689 F. 2d 72 – Court of Appeals. 6th Circuit 1982.

28. In regard to the validity of emotional damages owed by the CRA Defendants to the Plaintiff, one can turn to cases such as the aforementioned Bryant v. TRW, Inc. for guidance. In the latter case, Plaintiff was awarded $8,000.00 and the decision cited *Collins v. Retail Credit Co.*, 410 F.Supp. 924 (E.D.Mich.1976) and *Millstone v. O'Hanlon Reports, Inc.*, 383 F.Supp. 269 (E.D.Mo. 1974), *aff'd*, 528 F.2d 829 (8th Cir.

1976) to support this conclusion. "In each of these cases there was no out-of-pocket expense. Embarrassment and humiliation were both held to be proper elements of damages for jury consideration."

29. This was stated even more unequivocally in *Thompson v. San Antonio Retail Merchants Ass'n*: "Even where no pecuniary or out-of-pocket loss has been shown, the FCRA permits recovery for humiliation and mental distress," *Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir.1982); Millstone v. O'Hanlon Reports, Inc., 528 F.2d 829 (8th Cir.1976); see Evers v. Equifax, 650 F.2d 793 (5th Cir. 1981),* as well as for injury to one's reputation and creditworthiness.

30. In *Guimond v. Trans Union Credit Information Co.*, the decision to overturn a judgment regarding the district court's application of § 1681e(b) was said to be particularly troubling given the court's statement that "the fact that multiple errors existed does not show that defendant refused to correct the mistake […] but rather indicates the unfortunate extent to which defendant's reporting system was plagued with errors." See *Guimond v. Trans Union Credit Information Co., 45 F. 3d 1329 – Court of Appeals, 9th Circuit 1995.*

31. In *Ausar-El v. Barclay Bank Delaware*, the Court stated that "[T]o bring a claim under § 1681s-2(b), a plaintiff must establish three elements: (1) that he or she notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the inaccurate information." *Ausar-El v. Barclay Bank Delaware, 2012 WL 3137151, at *3 (D. Md. July 31, 2012).* "Such failure to investigate and modify the disputed, inaccurate information results in civil liability if it occurs by actions of the defendant that are negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C. § 1681n." See *Pride*

*Acquisitions, LLC v. Osagie*, Dist. Court, D. Connecticut 2014. All three of these criteria are plainly met in the instant case. "The case law simply provides that, after receiving notice of a dispute from a credit reporting agency, an entity such as JPMC must not negligently or willfully fail to investigate the disputed information (and, if there was merit to the dispute, to take corrective action). See, e.g., Seamans v. Temple Univ., 744 F.3d 853, 864-65 (3d Cir. 2014); Alston v. Wells Fargo Bank, N.A., 2013 WL 4507607, at *5 (D. Md. Aug. 22, 2013)." *Id.*

## FIRST CLAIM FOR RELIEF

### (Against Equifax, Experian, and Trans Union)

### (Negligent Noncompliance with FCRA)

32. Plaintiff incorporates by reference paragraphs 1 through 31.

33. Equifax, Experian, and Trans Union negligently failed to comply with the requirements of FCRA including but not limited to:

   a.   failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 U.S.C. §1681e(b); and

   b.   failure to comply with the requirements of 15 U.S.C. §1681i.

34. As a result of the CRA Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

35. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

8

## SECOND CLAIM FOR RELIEF

### (Against Equifax, Experian, and Trans Union)

### (Willful Noncompliance with FCRA)

36. Plaintiff incorporates by reference paragraphs 1 through 35.

37. Equifax, Experian, and Trans Union willfully failed to comply with the requirements of FCRA including but not limited to:

   a.  failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 U.S.C. §1681e(b); and

   b.  failure to comply with the requirements of 15 U.S.C. §1681i.

38. As a result of the CRA Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

39. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681n(a).

## THIRD CLAIM FOR RELIEF

### (Against Furnishers)

### (Negligent Noncompliance with FCRA)

40. Plaintiff incorporates by reference paragraphs 1 through 39.

41. Comenity Capital Bank and Synchrony Bank negligently failed to comply with the requirements of FCRA including but not limited to:

a. furnishing information relating to a consumer to three different consumer reporting agencies knowing or having reasonable cause to believe that the information was inaccurate, as prohibited by 15 U.S.C. §1681s-2(a)(1)(A), with "reasonable cause" defined in 15 U.S.C. §1681s-2(a)(1)(D) as "having specific knowledge [...] that would cause a reasonable person to have substantial doubts about the accuracy of the information," knowledge which Defendants Comenity Capital Bank and Synchrony Bank indisputably had; and

b. failure to comply with the requirements of 15 U.S.C. §1681s-2(b).

42. As a result of Comenity Capital Bank's and Synchrony Bank's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

43. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

## FOURTH CLAIM FOR RELIEF

### (Against Furnishers)

### (Willful Noncompliance with FCRA)

44. Plaintiff incorporates by reference paragraphs 1 through 43.

45. Comenity Capital Bank and Synchrony Bank willfully failed to comply with the requirements of FCRA including but not limited to:

a. furnishing information relating to a consumer to three different consumer reporting agencies knowing or having reasonable cause to believe that the information was

inaccurate, as prohibited by 15 U.S.C. §1681s-2(a)(1)(A), with "reasonable cause" defined in 15 U.S.C. §1681s-2(a)(1)(D) as "having specific knowledge […] that would cause a reasonable person to have substantial doubts about the accuracy of the information," knowledge which Defendants Comenity Capital Bank and Synchrony Bank indisputably had; and

b.  failure to comply with the requirements of 15 U.S.C. §1681s-2(b).

46. As a result of Comenity Capital Bank's and Synchrony Bank's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

47. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681n(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

On the First Claim for Relief:

1.  Actual damages to be determined by the jury; and

2.  Attorney's fees.

On the Second Claim for Relief:

3.  Actual damages to be determined by the jury;

4.  Punitive damages to be determined by the jury; and

5.  Attorney's fees.

On the Third Claim for Relief:

6. Actual damages to be determined by the jury; and

7. Attorney's fees.

On the Fourth Claim for Relief:

8. Actual damages to be determined by the jury; and

9. An injunction requiring Defendants Comenity Capital Bank and Synchrony Bank to furnish a complete and accurate report to Defendant Equifax, Defendant Experian, and Defendant Trans Union.

On all Claims for Relief:

10. Costs and expenses incurred in the instant action.

Dated: Brooklyn, New York

August 15, 2018

Respectfully submitted,

_____
Subhan Tariq, Esq.
Attorney I.D.# 5263074
The Tariq Law Firm, PLLC
**Attorney for Plaintiff**
68 Jay Street – Suite 201
Brooklyn, NY 11201
Telephone: (718) 674-1245
Email: subhan@tariqlaw.com

12

## VERIFICATION

Vaila Salina, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matter, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Vaila Salina, Plaintiff

Sworn to before me this 15th
day of August, 2018

_____
Notary Public

CARLOS REGINO PEREZ
Notary Public, State of New York
No. 01PE6358757
Qualified in Queens County
Commission Expires May 15, 2021